IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Appellants, | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 07-1750 |
| NORTH AMERICAN REFRACTORIES COMPANIES, et al., Appellees. | )<br>) Bankr. Case No. 02-20198 (JKF)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This is an appeal from the final order of the Bankruptcy Court confirming a plan of reorganization. Appellees have filed a Motion to Stay Briefing and Strike Issue [doc. no. 14]. Appellants appealed from two rulings of the Bankruptcy Court: (1) that they do not have standing to participate in plan confirmation proceedings before the Bankruptcy Court; and (2) that the plan can be confirmed under section 524(g)(4) of the Bankruptcy Code. Although Appellants set forth these two issues when they filed their Notice of Appeal on December 28, 2007, Appellees did not file this motion until January 22, 2008. Appellants' opening brief is due on January 28, 2008.

In their motion, Appellees ask that we bifurcate the standing issue from the confirmation issue, schedule complete briefing on the standing issue, decide the standing issue, and then schedule briefing on the confirmation issue, if necessary. The Court sees no benefit to proceeding in this manner. Instead, we find that bifurcating would only delay final judgment.

Appellants are presumably prepared to file their opening brief on Monday, discussing both issues raised in their appeal. Having them now separate their brief into two parts, filing one Monday and putting the other aside until later serves little purpose. The only purpose served by granting Appellees' motion would be to spare Appellees from having to respond to Appellants' confirmation arguments. However, this does not justify granting the relief requested. The additional work that Appellees will undertake to respond does not outweigh the delay and disruption that bifurcation would cause at this point in the case. No doubt the confirmation arguments raised in Appellants' brief will not be new to any of the participants in the bankruptcy case.

The court recognizes that standing is a threshold issue, and will address it as such. However, granting Appellees' request to bifurcate briefing will only delay resolution of the appeal at this point. Accordingly, this 25th day of January, 2008, it is HEREBY ORDERED that Appellees' Motion to Stay and Strike [doc. no. 14] is DENIED.

BY THE COURT:

_____, J.

1/25/08

cc: The Honorable Judge Fitzgerald
All Counsel of Record